# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REGINALD A. GARY, | Case No. 1:18-cv-00612-LJO-BAM (PC) |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION FOR COUNSEL AND SERVICE OF SUMMONS |
| v. | |
| KINCAID, et al., | (ECF No. 18) |
| Defendants. | |

Plaintiff Reginald A. Gary ("Plaintiff") is a civil detainee proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Currently before the Court is Plaintiff's second motion for appointment of counsel, and a request for summons and service. (ECF No. 18.)

Plaintiff argues that the law library at Coalinga State Hospital, where he is currently detained, is not updated with legal books. To use the computers to find case law, searches must be completed by case number, and therefore the law library is designed so detainees may not litigate cases. Plaintiff also requests that the Clerk of the Court send summons for the defendants, so Plaintiff may serve them. (Id.)

As Plaintiff has been informed, he does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), rev'd in part on other grounds, 154 F.3d 952, 954 n.1 (9th Cir. 1998), and the court cannot require an attorney to

1

represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. U.S. Dist. Court for the S. Dist. of Iowa, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, a district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted). The Court has considered Plaintiff's motion for the appointment of counsel, but does not find the required exceptional circumstances. Even if it is assumed that Plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. This Court is faced with similar cases filed by prisoners and civil detainees proceeding *pro se* and *in forma pauperis* almost daily. These plaintiffs also must conduct legal research in law libraries with limited resources and prosecute claims without the assistance of counsel.

Furthermore, at this stage in the proceedings, the Court cannot make a determination that Plaintiff is likely to succeed on the merits. Plaintiff's complaint has not been screened. Thus, the case does not yet proceed on any cognizable claims. Also, based on a review of the limited record in this case, the Court does not find that Plaintiff cannot adequately articulate his claims.

With respect to his request for service of summons on the defendants, Plaintiff is advised that the Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court will direct service of process only after Plaintiff's complaint has been screened and found to state cognizable claims for relief. Once the complaint is screened and found to have stated a cognizable claim against any defendant, a copy of the complaint will be sent to Plaintiff with service documents to be completed.

///

The Court screens complaints in the order in which they are filed and strives to avoid delays whenever possible. However, there are hundreds of prisoner civil rights cases presently pending before the Court, and delays are inevitable. Plaintiff's complaint will be screened in due course.

Accordingly, Plaintiff's motion for counsel and for service of summons, (ECF No. 18), is HEREBY DENIED without prejudice.

IT IS SO ORDERED.

Dated: **January 10, 2019** /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE